# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| JORGE REDING-LORENZANA,<br><br>              Petitioner,<br>       vs.<br><br>WARDEN PETER BLUDWORTH,<br><br>              Respondent. | Cause No. CV 24-38-GF-BMM<br><br><br>**ORDER** |

Petitioner Jorge Reding-Lorenzana ("Reding-Lorenzana"), a pro se state prisoner incarcerated at the Crossroads Correctional Center, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.)

A convicted inmate may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) when "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Rules Governing Section 2254 Cases are appropriately applied to actions undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Rule 4 of the Habeas Rules requires the Court to summarily dismiss a habeas petition "[i]f it appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## Background

Reding-Lorenzana was sentenced in Montana's Seventh Judicial District, Dawson County on May 24, 2022. (*Id.* at 1.) A review of the Montana

Correctional Offender Network indicates Reding-Lorenzana received a 120-month

sentence for Criminal Possession with Intent to Distribute; he is a citizen of

Mexico. *See* https://app.mt.gov/conweb/Offender/3032360/ (accessed May 8,

2024).  Reding-Lorenzana states that an Immigration Customs Enforcement

("ICE") detainer has been placed upon him. (Doc. 1 at 1-2.)  A review of the

documents attached to the petition shows that the Department of Homeland

Security ("DHS") provided a Detainer Notice to Reding-Lorenzana on July 1,

2022. (Doc. 1-1 at 1.)

Reding-Lorenzana seeks a determination from the United States

Immigration Department on whether he will be excluded from the United States at

the conclusion of his sentence.  (Doc. 1 at 2.) Reding-Lorenzana also indicates that

he is not challenging the underlying judgment of conviction, but argues that the

ICE detainer affects his work placement within Crossroads, as well as his potential

for community placement.  (*Id*. at 2, 7.)  Specifically, Reding-Lorenzana explains

that, due to the detainer, he is being held in a secure facility and not allowed to be

placed in a work dorm or a less-restrictive environment, such as a pre-release

center.  (*Id*. at 6-7.)  He believes that the detainer causes him to miss out on

potential opportunities.  (*Id*.)

Reding-Lorenzana represents that he is a non-violent offender and that he

has not committed a sexual offense.  (*Id*. at 2.)  Reding-Lorenzana apparently has

2

not filed any challenges to the ICE detainer with the Board of Immigration Appeals. (*Id*. at 4-5.) Reding-Lorenzana asks this Court to "help the federal government take care of this immigration matter" so that he may serve his time in the same fashion as other prisoners.  (*Id*. at 7.)

**Analysis**

Federal habeas corpus jurisdiction is limited to petitions from persons who are "in custody in violation of the Constitution and laws of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  The "in custody" requirement is jurisdictional.  *Wilson v. Belleque*, 554 F. 3d 816, 821 (9th Cir. 2009).  The U.S. Supreme Court has interpreted the language of the federal habeas statutes as "requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time the petition is filed." *Maleng*, 490 U.S. at 490-91 (emphasis added).  Accordingly, this Court's jurisdiction to review a challenge to immigration detention is limited to petitioners who are being held in immigration detention.

An immigration detainer represents a request to a law enforcement agency or prison to notify DHS before it releases the person upon completion of his criminal sentence so that DHS may take custody for removal proceedings.  *McLean v. Crabtree*, 173 F. 3d 1176, 1185 n. 12 (9th Cir. 1999).  The Ninth Circuit has determined that "a bare detainer alone does not sufficiently place an alien in INS

custody to make habeas corpus available." *Campos v. INS*, 62 F.3d 311, 314 (9th Cir. 1995) (*quoting Garcia v. Taylor*, 40 F.3d 299, 303 (9th Cir. 1994); *see also Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003) (collecting cases, finding that absent an order of removal "prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them.").

Reding-Lorenzana is not currently subject to a removal order. Nothing in the record indicates that immigration charges have been filed. Reding-Lorenzana's ICE detainer instead serves as notice that a removal decision will be made at a future date. The detainer admittedly may affect the manner in which Reding-Lorenzana's criminal sentence is being executed, but he is not "in custody" pursuant to the immigration detainer. *Campos*, 62 F. 3d at 314. Reding-Lorenzana is in custody under his Montana state judgment of conviction. Reding-Lorenzana does not challenge the conviction for which he is incarcerated. The Court lacks jurisdiction to hear his challenge to the ICE detainer.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

This Court lacks jurisdiction to hear Reding-Lorenzana's habeas claims. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time.  A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Reding-Lorenzana's Petition (Doc. 1) is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is **DENIED**.

DATED this 15th day of May 2024.

_____

Brian Morris, Chief District Judge
United States District Court

5